Ross & Co., Inc. *v.* McWhirter.

Feb. 23, 1953

No. 38681        21 Adv. S. 60        63 So. 2d 38

*John S. Beach* and *Daniel, McKee & McDowell,* for appellant.

*L. W. Brown,* for appellee.

662

McGehee, C. J.

Plaintiff, E. L. McWhirter, sued the defendant, F. H. Ross & Company, Inc., a nonresident, for the sum of $3,000.00 as actual and punitive damages on account of the damage to his automobile and for personal injuries received by reason of a collision that occurred when the driver of the defendant's truck backed the same out into the highway and against the automobile. The court by an instruction eliminated from the consideration of the jury, and we think correctly so, the claim for punitive damages. Nevertheless, the jury returned a verdict in favor of the plaintiff for the full amount sued for.

On this appeal it is conceded that the verdict is not against the overwhelming weight of the evidence on the issue of liability, but it is claimed that the jury failed to mitigate the actual damages on account of the alleged contributory negligence of the plaintiff. ▮▮ We have reached the conclusion that it was within the province of

the jury to find that the plaintiff was not guilty of contributory negligence under the testimony on behalf of the plaintiff; that there was nothing that he could have done to have avoided the accident since it happened so suddenly after he first observed the situation with which he was confronted.

But the defendant further contends, as set forth in his motion for a new trial, that the verdict is grossly excessive as to actual damages to the automobile and to the person of the plaintiff. ██ ██ The testimony disclosed a cost of $280.15 for the repair of the automobile, and further disclosed that the plaintiff did not receive any bruise, cut or other injury to his person than the resulting nervousness that was occasioned by reason of the collision. He was a graduate student at Mississippi State College, alongside the campus of which the highway ran on which the collision occurred. We are impressed that he endeavored to truthfully state the extent of his injuries, and without exaggeration. He did not lose a day from school on account of the accident, did not consult a physician until a few weeks thereafter, and incurred no medical or hospital expense. He does not claim that any lameness resulted to him on account of the accident, or that he had suffered any pain other than the discomfort of nervousness, but did claim that he had been unable to make as good grades as a student following the accident as he was able to make prior thereto.

The physician who examined him at the time above stated was of the opinion that he was extremely nervous and that from the history of the case this condition was the proximate result of the accident. He testified as a witness that the nervousness may last for several weeks longer after the trial, and it appears that a period of a few months had intervened between the date of the accident and the time of the trial.

We have given a careful consideraion to the testimony, and assuming that the version of the plaintiff as to the extent of his injuries was a truthful statement in regard

thereto, we are of the opinion that the entry of a remittitur to the extent of $750.00 would leave the plaintiff a liberal compensation for the actual damages sustained both to his automobile and to his person. If such remittitur is entered within a period of fifteen days after the decision is rendered here by this Court, the case will be affirmed with said remittitur; otherwise the same will be reversed and remanded for a new trial on the question of actual damages.

Affirmed with remittitur.

*Lee, Kyle, Arrington,* and *Ethridge, JJ.,* concur.