MITCHELL-DAVIS DISTRIBUTING Co., et al. *v.* McDONALD.

No. 39510 March 21, 1955 78 So. 2d 597

574

*Welch & Gibbes,* Laurel, for appellants.

5

*Quitman Ross,* Laurel, for appellee.

Holmes, J.

The appellant brought this action in the Circuit Court of Jones County against the Mitchell-Davis Distributing Company, Howard L. Speed, Laurel City Lines, Inc., and Sherman Welborn to recover damages for personal injuries received by him as the result of a collision between a motor bus in which he was riding as a passenger and a truck driven by Howard L. Speed, alleged to have been caused by the concurrent negligence of the defendants. The trial of the cause resulted in a verdict and judgment in favor of the appellee and against the Mitchell-Davis Distributing Company and Howard L. Speed for $3,000, the full amount sued for. From this judg-

ment the Mitchell-Davis Distributing Company and Howard L. Speed prosecute this appeal.

The collision occurred shortly after six o'clock on the morning of July 9, 1953, at the intersection of Central Avenue and Front Street, sometimes called Ellisville Avenue, and being a part of U. S. Highway 11, in the City of Laurel. A traffic light suspended over the center of the intersection had not been turned on and was not in operation. Front Street, or U. S. Highway 11, runs in a north and south direction, and Central Avenue runs in an east and west direction.

The vehicles involved were a passenger motor bus owned by Laurel City Lines, Inc., and operated by its driver, Sherman Welborn, and a 1951 Mack Diesel truck with semi-trailer, weighing with its cargo of beer, 52,000 pounds, driven by Howard L. Speed, an employee of the Mitchell-Davis Distributing Company, acting pursuant to and in the course of his employment. The truck was proceeding north and approached the intersection from the south. The bus was proceeding west and approached the intersection from the east. The collision occurred in the intersection when the truck struck the left side of the bus just behind the driver's seat and opposite the seat occupied by the appellee, causing his injury.

██ █ Without relating in detail the evidence introduced by the respective parties, it is sufficient to say the evidence is conflicting as to which of the vehicles first entered and pre-empted the intersection, and on the issue of negligence vel non of the respective drivers. It is manifest from the evidence that the appellee, who was himself free from negligence, was entitled to recover upon the ground of negligence ascribed to one or the other, or both, of the drivers. ██ █ The determination of responsibility for the appellee's injuries rested upon conflicting evidence, and, therefore, became a question for the jury. In this situation, the trial court, at the request of the appellee, peremptorily instructed the jury

to find for the appellee, and granted other instructions to the jury which submitted for their determination the issue of fact as to whether one or the other, or both, of the drivers was guilty of negligence proximately causing the appellee's injuries.

 The appellants assign as error the action of the trial court in granting the peremptory instruction to find for the appellee. We do not think this assignment is well founded. Of course, the peremptory instruction standing alone would not have afforded to the jury a proper guide for fixing responsibility for the appellee's injuries. Other instructions, however, both for the plaintiff and the defendants, informed the jury in effect that if they found from a preponderance of the evidence that appellee's injuries resulted proximately from the concurrent negligence of both drivers, they should find as against all of the defendants, or if they found from a preponderance of the evidence that such injuries resulted proximately from the negligence of only one of the drivers, they should find as against that driver and his master. Of course, the jury were required to read and consider all of the instructions together. This has been the repeated holding of this Court.

 "All instructions are to be read as a complete entity. Thus omissions may be supplied by other instructions, even those of the opposing party." Alexander's Mississippi Jury Instructions, Sec. 61.

"No rule is better buttressed by judicial repetition than that which requires that all the instructions be read together, and that defects or omissions may be supplied by other instructions. It is as if there was but one instruction compounded of the matters in the several charges." Alexander's Mississippi Jury Instructions, Sec. 224.

We are of the opinion, therefore, that the jury were afforded an ample and proper guide in determining the parties responsible for the injuries of the appellee, and that the trial court committed no error in granting the

peremptory instruction in view of the facts of this case and the other instructions granted.

The appellants also complain of the action of the trial court in denying their request that the jury be instructed that it was the duty of the bus driver to bring his bus to a stop before entering the highway and that if they believed from the evidence that the bus driver failed to do so, and that such failure was the sole proximate cause of the collision, they should return a verdict for the appellants. We find no error in the action of the court in refusing this instruction in view of the fact that the same subject matter or principle was embodied in other instructions given to the jury. The appellants were granted instructions to the jury that the bus driver was required by law to bring his bus to a stop before entering the highway and that his failure to do so was negligence, and that if the jury believed from the evidence that the bus driver's negligence was the sole cause of the injury, they should find for the appellants. This embodied the same subject matter embraced in the refused instruction and gave to the appellants all that they sought in such refused instruction. It is too well settled to require citation of the numerous holdings of this Court that it is not error to refuse an instruction where other granted instructions embraced the same subject matter or principle.

Finally, it is contended by the appellants that the verdict of the jury is excessive. The proof shows that the appellee sustained an injury to his left ankle, his left arm, and his left shoulder; that he was immediately taken to the hospital where he remained in bed for a week; that X-rays of his injuries showed no broken bones; that after his discharge from the hospital, he returned to the doctor, according to his testimony, on three different occasions, seeking relief from the suffering which he was enduring from his injuries; that at the time of his injuries, he was employed at a filling station at a salary of $27.00 per week; that when he re-

turned to resume his job he found that his place had been filled; that he tried to work at a brickyard but was unable to do so for more than a day because of the pain in his left arm and shoulder; that he sought other employment but was unable to find work which he could perform without resultant pain in his left arm and shoulder; that his doctor's bill was $76.00 and his hospital bill was $77.00; that because of his unemployment due to his injuries, he lost his earnings at the rate of $27.00 per week, and that this, to the time of his trial some seven months later, plus his doctor's bill and hospital bill, amounted to a sum in excess of $1,000; that he suffered pain continuously from the time of his injuries to the time of the trial, and was still suffering at the time of the trial.

We would not be warranted in disturbing the amount of the award unless we were of the opinion that it was so grossly excessive as to evince bias, prejudice, or passion on the part of the jury, or unless the amount of the verdict is so grossly excessive as to shock the conscience of the Court.

In view of the evidence showing the appellee's financial loss and his incapacity and continuous pain and suffering throughout a period of more than seven months, which evidence the jury were privileged to believe, and manifestly did believe, we are unable to say that the verdict is so grossly excessive as to warrant disturbance. We find ample support for this position in the case of Ross & Company, Inc. v. McWhirter, 216 Miss. 658, 63 So. 2d 38, where this Court approved an award of damages in the sum of $2,250 on far weaker evidence of the extent of the damages than appears in the case before us.

It follows from the views expressed that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.