JONES *v.* RICHARDS

No. 43744 January 17, 1966 181 So. 2d 923

618

*P. L. Douglas, Ben F. Hilbun, Jr.,* Starkville, for appellant.

*Stone & McBryde,* Columbus, for appellees, Myrtis L. Richards and Woodrow Jones.

*Jack B. Carlisle,* Ackerman, for appellee, William H. Ray.

Inzer, J.

Appellant, Mrs. Hallie Jones, filed this suit in the Circuit Court of Oktibbeha County against appellees, Myrtis Richards, Woodrow Jones and William H. Ray, seeking to recover damages for personal injuries alleged to have been caused by the negligence of the appellees. From a jury verdict and judgment in favor of appellees, she appeals to this Court.

The declaration charged that appellant was injured on June 4, 1963, while riding as a guest in a vehicle owned by Woodrow Jones, being driven by Myrtis Richards, and that said vehicle was struck from the rear by a vehicle owned and operated by William H. Ray. The specific charge of negligence as set out in the declaration is as follows:

> That when the 1963 Oldsmobile in which the plaintiff was riding reached a point on Highway 12 near the East entrance to the Natchez Trace Parkway said defendant, Myrtis L. Richards, acting as the agent of said Woodrow Jones did cause said vehicle to come to a sudden stop in a negligent and reckless manner and at a time when other traffic was in close proximity to rear of said vehicle and without warning at a point approximately 33 feet West of the East entrance to said Natchez Trace Parkway; that said defendant failed to keep said vehicle under reasonable control; that said defendant operated said vehicle in a careless and reckless manner without due care for the safety of other persons using said highway; that said defendant did fail to keep a reasonable and proper lookout; that said defendant did park or stop her vehicle on said Highway 12 in violation of the law of the State of Mississippi.
>
> Said defendant William H. Ray drove his 1957 Mercury Automobile into the rear of the 1963 Oldsmobile mentioned above causing his vehicle to strike and vio-

lently collide with said 1963 Oldsmobile. That said William H. Ray did fail to keep a reasonable lookout and did fail to keep his vehicle under control.

Miss Richards and Mr. Jones filed separate answers and denied that they were guilty of any negligence that caused or contributed to the accident, and affirmatively alleged that the accident was caused by the sole negligence of Ray. They alleged that Ray was guilty of negligence in failing to keep a proper lookout, not keeping the automobile under control at all times, and following too closely. Ray answered, and denied that he was guilty of any negligence that caused or contributed to the accident, and alleged that the sole, proximate cause of the collision was the negligence of Richards, as stated in the declaration.

Appellant assigns as error three reasons for the reversal of this case. They are: (1) the verdict of the jury was contrary to the law and against the overwhelming weight of the evidence, and the court was in error in overruling a motion for a new trial; (2) the court erred in admitting into evidence two photographs as Exhibits 1 and 2 to the testimony of the defendant, Woodrow Jones; (3) the court erred in giving instructions No. 1, No. 2, No. 4 and No. 8 for defendants, Myrtis Richards and Woodrow Jones.

 █ We have reached the conclusion that the verdict of the jury was against the overwhelming weight of the evidence, and that the trial court should have granted a new trial. The proof shows without question that the collision occurred on June 4, 1963, at a point on Mississippi Highway No. 12, just West of the East entrance to the Natchez Trace Parkway in Attala County; that Mrs. Jones was riding as a guest on the rear seat of the 1963 Oldsmobile owned by Jones, and driven by Richards under his direction; that the Oldsmobile was struck from the rear by a 1957 Mercury owned and driven by Ray. According to the evidence on behalf of Richards

and Jones, the accident was due to the negligence of Ray, in failing to keep his vehicle under proper control and following so close as to be unable to stop it in his assured distance ahead. The evidence on behalf of Ray was to the effect that the driver of Jones' vehicle stopped it suddenly in front of him, and in spite of his doing everything he could, he was unable to avoid the collision. ▮▮ ▮ It is clear from the evidence that the collision was caused by the negligence of either one or both of the drivers of the vehicles involved. It was not an unavoidable accident. Appellant was not charged with any negligence, and none is shown by the proof. Under these circumstances, appellant was entitled to a verdict against one or all of the appellees, provided she was injured as a result of this accident. Mitchell-Davis Distrib. Co. v. McDonald, 223 Miss. 573, 78 So. 2d 597 (1955).

The proof relative to her injuries was that she was riding on the left side of the back seat of Jones' vehicle at the time it was hit by the vehicle driven by Ray. Mrs. Jones testified that when the collision occurred, she felt her neck pop. She said she exclaimed, "Lord, my neck is broke." Richards and Jones both testified that the car in which appellant was riding was struck a hard blow, and it was knocked some fifteen feet forward by the force of the blow. They both stated that it jolted them, and they did not deny that Mrs. Jones told them that she was hurt. They admitted that they wanted to take her to the doctor, but Mrs. Jones thought she would be all right in a little while. Mrs. Jones testified that she went on to Louisiana, where she remained for two days, and after she returned home, she did not see a doctor until the twenty-fourth of June, 1963. She said that after the accident her neck continued to hurt, and instead of getting better, it got worse; that the pain became so intense that she finally had to go to see the doctor; that since the accident her neck has continued to bother her, and for much of the time she was unable

to perform her household duties. She admitted that she had had some trouble with her neck about two years prior to the accident, but stated that she had completely recovered from this trouble. She had also had an operation for a thyroid condition some four months before the accident, but she said that the operation had not caused her any pain in her neck.

Dr. John T. Copeland testified on behalf of appellant, and he stated that he first saw appellant on June 24, 1963, relative to her injuries. He said that she came to his office complaining of neck pain and headaches, and told him that she had been in an automobile accident on June 4, 1963. He examined her and had multiple X-rays made. He found that she had some paracerebellar muscle strain which was a tenderness of the muscles to the right and left of the bony structure of the neck. The X-rays showed no bony deformity, but on the basis of the pain she had and on the basis of the tenderness of the neck and limitation of motion, the doctor placed her on oral medication. She was also given local therapy such as heat and massage and traction to her neck. The doctor said that pain in the neck persisted to different degrees, and eventually the picture became predominantly that of a headache, which seemed to arise out of her neck and ligate toward her right eye. Because of the progression of these symptoms, he referred her to a specialist, Dr. Charles Neal of Jackson. Dr. Neal took additional X-rays, and suggested additional medication which Dr. Copeland prescribed for her. Dr. Copeland was asked about his previous treatment of Mrs. Jones, and he said that he had treated her in relation to blood pressure and for a thyroid condition. He said that she had had an operation about four months prior to the accident, but in his opinion, the operation had no connection with the results from the accident. Dr. Copeland treated Mrs. Jones until March 30, 1964, and had not treated her since that time prior to the date of the trial. Dr. Neal

was not offered as a witness, although appellant waived the privilege as to his testimony.

■ ■ Mrs. Jones was corroborated by the testimony of her husband, who testified that she had been, and was still, unable to do much of her housework since the accident. There was no other testimony relative to her injuries or lack of injury. Her testimony is not contradictory, and it is not incredible, improbable, unreasonable or untrustworthy, and it should not be arbitrarily and capriciously rejected. ■ ■ We are of the opinion that a finding by the jury that appellant was not injured as a result of this accident is against the overwhelming weight of the evidence. Fisher v. Daniels, 252 Miss. 662, 173 So. 2d 908 (1965); Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So. 2d 442 (1953).

The error complained of relative to the admission into evidence of the two photographs is not material, and we are certain that upon the retrial of this case, the court will require a proper identification of the photographs prior to admitting them into evidence.

The instructions complained of were instructions granted the appellees, Myrtis Richards and Woodrow Jones. We find no error in these instructions, except that some of the instructions are couched in language that does seem to imply that the jury was required to believe that both of these defendants were guilty of negligence before the jury would be authorized to return a verdict against either of them. Upon the retrial of this case, these instructions should not be given unless they are amended to eliminate this objection.

For the reasons stated, this case must be reversed and remanded for a new trial.

Reversed and remanded.

*Gillespie, P. J., and Rodgers, Jones and Brady, JJ.,* concur.