INZER, Justice.
This is an appeal by Mrs. Bessie Ruth Pope from a judgment of the Circuit Court of Leake County dismissing her suit for damages for personal injuries instituted against appellees, Joe Sanders and Mrs. Elizabeth Moss. We reverse and remand.
Appellant alleged in her declaration and the proof shows that she was injured while riding as a passenger in an automobile owned and driven by Mrs. Moss. Sanders operates a filling station and in connection therewith operates a wrecker service. At about 7 A.M. on April 7, 1966, Sanders was called to the scene of an accident which occurred on State Highway No. 16, just west of the city limits of Carthage. A truck travelling west on the highway had run off the highway and into the ditch on the north side thereof. The truck had turned partially over and was against the bank on the north side of the ditch. In order to remove the truck from the ditch it was necessary to first pull it back on its wheels. In order to do this Sanders drove his wrecker to the south side of the highway and ran a cable from the wrecker across the highway to the truck. He hooked the cable to a chain which he had attached to the truck. Before starting his operations, Sanders waited until a highway patrolman came to the scene to direct the traffic. The patrolman stopped the traffic and one of the cars stopped was the car owned and driven by Mrs. Moss in which appellee was riding on the back seat. Sanders pulled the truck away from the bank but it could not get out of the ditch under its own power. Sanders decided that in order to remove the truck another wrecker would be needed. He informed the highway patrolman of this fact and the patrolman suggested that he release his cable so that traffic could pass while the other wrecker was coming. Sanders released his clutch and allowed the cable to fall onto the highway. He did not unhook the cable from the truck and did not pull off any extra slack from the drum on the wrecker. When Sanders released the tension on the cable the truck remained in an upright position but all of its wheels were not in contact with the ground. The patrolman directed the traffic to proceed. Mrs. Moss stated as she approached the cable which was lying flat on the surface of the highway, she saw the truck began to turn back on its side. She did not stop but speed-ed up, thinking she could get across the cable before it was pulled up. Before she was able to cross the cable, the falling truck pulled the cable up taut and she struck it. The cable did not give and the force of the collision threw appellant against the front seat. She was injured to some extent.
The declaration charged that her injuries were due to the combined negligence of Mrs. Moss and Sanders. Mrs. Moss did not answer, but no judgment by default was taken against her. She was present in court and testified. Sanders denied that he was guilty of negligence and affirmatively plead, among other things, that the injuries and damages, if any, of the appellant resulted solely and proximately from the negligence of Mrs. Moss.
Appellant did not request a peremptory instruction against Mrs. Moss, but was content to leave to the jury the question of her liability. Sanders was granted an instruction to the effect that Mrs. Moss was guilty of negligence. He also obtained an instruction which defined an unavoidable accident. The jury returned a verdict in favor of both defendants. Appellant filed a motion for a new trial and as ground thereof alleged that the verdict of the jury was against the overwhelming weight of the evidence. The trial court overruled this motion and its action in that regard is one of the errors assigned on appeal.
Appellant alleges that this case comes within the rule announced in Jones v. Richards, 254 Miss. 617, 181 So.2d 923 (1966), *3 wherein Mrs. Jones was a passenger in an automobile and was injured when the car collided with another vehicle. The jury-found for the defendants. We reversed and remanded saying:
It is clear from the evidence that the collision was caused by the negligence of either one or both of the drivers of the vehicles involved. It was not an unavoidable accident. Appellant was not charged with any negligence, and none is shown by the proof. Under the circumstances, appellant was entitled to a verdict against one or all of the appellees, provided she was injured as a result of this accident. Mitchell-Davis Distrib. Co. v. McDonald, 223 Miss. 573, 78 So.2d 597 (1955). (254 Miss. at 622, 181 So.2d at 925).
Sanders in his brief agrees with the rationale of this decision but attempts to distinguish it from the facts in the present case contending that this was an unavoidable accident insofar as Sanders was concerned.
 While we admire the resourcefulness of counsel, we cannot agree. The instruction granted Sanders defined an unavoidable accident as an occurrence not contemplated by either party and occurs without fault or negligence of either. It is apparent that this was not that type of accident. We hold that this case falls within the rule announced in Jones, supra, and that the verdict of the jury is against the overwhelming weight of the evidence and that the trial court was in error in refusing to grant the motion for a new trial. It was likewise error for the court to grant the instruction defining an unavoidable accident, since this instruction has no application to the facts of this case and upon a retrial this instruction should not be granted.
The objection of appellant to that part of the testimony of the patrolman relative to his opinion of whether the truck was in a safe position when the cable was released should have been sustained. The patrolman and the other witnesses at the scene described the position of the truck when the cable was slacked by Sanders. The facts gave the jury an adequate basis for the formulation of their own decision and under such circumstances opinion evidence should not be admitted. Illinois Cent. R. R. v. Williams, 242 Miss. 586, 135 So.2d 831 (1961).
For the reasons stated this case is reversed as to both defendants and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.