ETHRIDGE, Chief Justice:
This is a suit for personal injuries to a ten-year-old girl, Mary Ann Cotton (plaintiff-appellant), who was injured by a taxicab driven by defendant Norman Jones and owned by defendant John L. Quinn, doing business as Palace Cab Company. The case was tried before a jury, which found for defendants, and upon that verdict the Circuit Court of Adams County entered judgment. On conflicting evidence the jury was amply warranted in finding that Jones was driving his cab at not over fifteen miles per hour when the child suddenly and unexpectedly ran from behind an embankment partly concealing a narrow intersecting street, and that he did everything reasonably possible to avoid the accident. Cf. Smith v. Alford (Miss.1971), 245 So.2d 188.
Defendants obtained an unavoidable accident instruction which did not adequately define a situation “where there is no negligence.” However, considering all of the instructions for both parties and the evidence, we do not think that the granting of this instruction was reversible error. Upon proof sufficient to make at least a prima facie case that the casualty in question was the result of an unavoidable accident, the court may instruct the jury upon the law under such circumstances. IOC Blashfield,. Cyclopedia of Automobile Law and Practice § 6698 (1957); Annot., 65 A.L.R.2d 12 (1959). Whether such an instruction is appropriate depends upon the facts and circumstances of the particular case. In some it has been held to be proper. McCollum v. Randolph, 220 So.2d 310 (Miss.1969); Johnson v. Foster, 202 So.2d 520 (Miss.1967) ; Murchison v. Sykes, 223 Miss. 754, 78 So.2d 888 (1955). In other cases an unavoidable accident instruction under the facts was improperly given. Pope v. Sanders, 217 So.2d 1 (Miss.1968); Jones v. Richards, 254 Miss. 617, 181 So.2d 923 (1966); McMinn v. Lilly, 215 Miss. 193, 60 So.2d 603 (1952).
Affirmed.
BRADY, INZER, ROBERTSON, and HARPER, JJ., concur.