352 So.2d 812 (1977)
H.W. BANES, father and next friend of Christie Banes, a minor
v.
David K. THOMPSON and Estate of Louis L. Banes, Deceased.
No. 49757.
Supreme Court of Mississippi.
November 30, 1977.
*813 Adams & Odom, Joe R. Odom, Meridian, for appellant.
T. Kenneth Watts, Williams & Glover, David Williams, Meridian, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Christie Banes appeals from a judgment of the Circuit Court of Lauderdale County in favor of David K. Thompson and Louis L. Banes, denying damages for alleged personal injuries. Louis L. Banes cross-appeals.
Appellant contends (1) that the verdict of the jury in favor of both appellants is against the overwhelming weight of the evidence, (2) that the jury did not follow the instructions of the court, and (3) that certain instructions requested by the plaintiff should have been granted.
The case was tried twice. Originally, the declaration charged negligence against David K. Thompson, and, at the conclusion of the evidence, the court directed a verdict in favor of appellant. The jury returned a verdict in the sum of five hundred dollars ($500.00). However, the court granted a new trial because of an instruction to the jury that damages could be apportioned as to Thompson and Banes, driver of the car in which appellant was riding. Banes (the *814 ninety-year-old grandfather of appellant) was not then a party to the suit. Before the second trial, the declaration was amended to include Banes as a party defendant and it was charged that the collision occurred as a result of the joint negligence of Thompson and Banes.
Appellant was thirteen (13) years old at the time of the accident and eighteen (18) years old at the time of trial. The testimony indicates that the Banes and Thompson automobiles were proceeding in a northerly direction on U.S. Highway 45. A distance of approximately one hundred fifty (150) yards separated them, and there were three other vehicles between Thompson and Banes traveling in the same direction. Banes turned left off the highway into his private driveway. Testimony of appellant was to the effect that the left turn blinker was operating. The testimony of Thompson was to the effect that the blinker was not operating. Thompson attempted to pass all vehicles between Banes and him, and when he was approximately one hundred (100) feet from the Banes vehicle, according to his testimony, it slowly turned to the left, Thompson applied his brakes and blew his horn, but the vehicles collided partially on the east lane and partially in the drive, the front of the Thompson vehicle striking the left rear side of the Banes vehicle.
Damage to both vehicles was minimal. None of the occupants of either vehicle thought they were injured, and, in fact, appellant told Thompson she was not hurt and also told the highway patrolman who investigated the collision that she was not hurt. Approximately thirty (30) minutes later, appellant complained to her mother that her mouth was hurting, and the next morning her mouth and gums were bruised and swollen. The following day she was taken to a dentist, who found that her mouth and gums were injured. He attributed the injuries to trauma sustained in the collision.

I.
Was the verdict of the jury against the great weight of the evidence?
Without question, appellant was not guilty of any negligence. The collision was not unavoidable and it was caused by the negligence of either Thompson or Banes, or both.
In Jones v. Richards, 254 Miss. 617, 181 So.2d 923 (1966), this Court said:
"It is clear from the evidence that the collision was caused by the negligence of either one or both of the drivers of the vehicles involved. It was not an unavoidable accident. Appellant was not charged with any negligence, and none is shown by the proof. Under these circumstances, appellant was entitled to a verdict against one or all of the appellees, provided she was injured as a result of this accident. Mitchell-Davis Distrib. Co. v. McDonald, 223 Miss. 573, 78 So.2d 597 (1955)." 254 Miss. at 622, 181 So.2d at 925.
Appellants contend that the jury was entitled to find plaintiff did not sustain any personal injuries, and, therefore, was not entitled to recover. However, it is undisputed that thirty (30) minutes after the collision the child began to have pain, the next morning her mouth was swollen and bruised, and injury to her teeth and gums was corroborated by her dentist. As stated in the Jones case, appellant was entitled to a verdict against one or both of the defendants, and the trial court erred in refusing to sustain the motion for a new trial.
In view of the conclusion reached on this question, it is not necessary to discuss the assigned Error No. 2.

III.
Did the court err in refusing appellant's requested Instructions Nos. P-8, P-1, P-2, and P-3?
Instructions P-1, P-2 and P-3 were peremptory instructions against both defendants and were properly refused. Appellant requested two instructions on the issue of liability. Instruction No. P-7 submitted the issue of Banes' negligence to the *815 jury, and Instruction No. P-8 submitted the issue of Thompson's negligence to the jury. Although instructions were granted to Banes and Thompson covering negligence of the other defendant, appellant was entitled to Instruction P-8 submitting her case to the jury on the issue of Thompson's negligence. On retrial, such an instruction should be granted.

CROSS-APPEAL
Banes cross-appeals and contends that the court erred in denying his pleas of (1) election of remedies, and (2) judicial estoppel.
Banes contends that on the first trial appellant claimed she sustained injuries as a result of the negligence of Thompson and that her testimony did not place any negligence upon Banes, her grandfather. When appellant amended her declaration and made Banes a party to the suit, she charged that the negligence of Banes and Thompson concurred to cause the collision. Banes now contends that she first sought her remedy against Thompson and that she now is estopped from proceeding against Banes.
There is no estoppel by election of remedies unless the remedies asserted are inconsistent. The doctrine applies only where a party elects to pursue one of two inconsistent remedies open for the assertion of a right arising from the same set of facts. He is estopped afterwards from pursuing the other. Lumberton State Bank v. Fortenberry, 222 So.2d 384 (Miss. 1969); Rea v. O'Bannon, 171 Miss. 824, 158 So. 916 (1935).
In the present case, there are no inconsistent remedies available to or claimed by appellant for the assertion of her rights. She sought to recover damages for personal injuries based on theories of negligence in both actions, and particularly so after Thompson charged in his first answer that Banes was guilty of negligence which was the sole proximate cause of the collision and testified to facts in support of that charge.
The principle of judicial estoppel prohibits a party in a judicial proceeding from denying or contradicting sworn statements made therein. Ivor B. Clark Co. of Texas, Inc. v. Southern Business and Industrial Development Co., 399 F. Supp. 825 (S.D.Miss. 1974). Judicial estoppel normally arises from the taking of a position by a party that is inconsistent with a position previously asserted. Wright v. Jackson Municipal Airport Authority, 300 So.2d 805 (Miss. 1974).
Christie Banes testified to the same facts on both trials, and there was no contradiction in her testimony. We are of the opinion that the defenses of election of remedies and judicial estoppel were properly rejected by the trial court and that there is no merit in those contentions.
For the reasons stated, this case is reversed and remanded on direct appeal and affirmed on cross-appeal.
REVERSED AND REMANDED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.