381 So.2d 1030 (1980)
Brady L. TUCKER
v.
Clifford KELLY.
No. 51753.
Supreme Court of Mississippi.
March 19, 1980.
Rehearing Denied April 16, 1980.
Bryan, Nelson, Allen, Schroeder & Cobb, James N. Compton, Biloxi, for appellant.
Denton & Persons, Ray Mitchell, Biloxi, John Deakle, Hattiesburg, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
Clifford Kelly filed suit against Brady L. Tucker in the Circuit Court of Harrison County seeking personal injury and property damages. The trial court granted Kelly a peremptory instruction directing the jury to find for him. A verdict was returned for Kelly in the sum of two hundred nine dollars fifty-seven cents ($209.57) property damage. The court sustained Kelly's motion for a new trial on the issue of damages alone, and Tucker has appealed here.
The question presented is whether or not the trial court erred in granting a new trial on the issue of damages.
On or about January 17, 1977, appellee was driving a Buick automobile on the Litton access road in Pascagoula, when his vehicle was struck from the rear by a Fiat automobile driven by appellant. Immediately after the collision, appellee thought he was not injured, but, according to his testimony and that of Alton Parker, a passenger in the Buick, he began to feel pain before he arrived home. Appellee's wife testified that he complained of pain in his back when she saw him at home. From that time until about February 21, 1977, appellee worked as a painter at the Toches plant. However, he and another employee testified that during such period of work, appellee experienced pain in his back and that the fellow employee did the heavy work involved in their jobs.
Appellee's family physician, Dr. Moak, examined him on February 21, 1977, and referred him to Dr. Edward A. Attix, an orthopedic surgeon, who diagnosed his back problem as being a sequestered disc. In the opinion of Dr. Attix, from the history taken, the injured disc was a proximate result *1031 of the automobile collision on January 17, 1977. He operated on appellee, excised the disc, and fused his spine. In November, 1978, appellee was referred to Dr. M.F. Longnecker, another orthopedic surgeon, for an independent examination and evaluation. He testified that, based upon the history taken from appellee, there was a causal connection between the disc injury and the automobile accident.
Appellee's testimony that he had no trouble with his back previous to the automobile accident and that he had pain a short while after the accident until the time of the trial is not disputed. There was no medical evidence offered in opposition to the testimony of Dr. Attix and Dr. Longnecker. The opinion of the trial judge, in granting the motion for new trial on damages, contained the following finding:
"The Plaintiff did not complain of injury at the scene of the accident. The accident occurred in Jackson County, and he did complain of pain before he arrived at his home in Perry County. This is substantiated by his wife. After several days of pain, he contacted a local physician who referred him to a specialist, Dr. Attix, an Orthopedic Surgeon of Hattiesburg. There is no dispute that the Plaintiff suffered disablement, both temporary and permanent, and a great amount of doctor and hospital bills. The jury returned a verdict for property damage only.
The testimony of the Plaintiff, his wife, the witness Parker, a passenger in Plaintiff's car at the time of the accident, Dr. Attix and Dr. Longnecker, to whom the Plaintiff was referred by both parties for evaluation, is undisputed that his injuries were a result of the accident. In order for the jury to reach its verdict, the undisputed testimony of these witnesses had to be completely ignored. While it is true that the doctors agree that they made their diagnosis to a great extent from history, still they were competent expert witnesses and their testimony should not be summarily dismissed in this manner. History given by a patient is an exception to the hearsay rule for good reason; it is presumed that one in pain will tell his doctor the truth; and without evidence to the contrary, there should not be a finding against the conclusive statements of the physicians."
The evidence was uncontradicted in Odier v. Sumrall, 353 So.2d 1370 (Miss. 1978), that the defendant moved a chair while the plaintiff was attempting to sit in same, resulting in his fall. The Court stated:
"Without comment concerning the seriousness of Odier's injuries, we think it is uncontradicted that the fall caused some pain and suffering entitling him to nominal damages at the very least. We conclude, as we think we must, the verdict of the jury was against the overwhelming weight of the evidence.
* * * * * *
In sum, we are of the opinion the trial court ... erroneously overruled the motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence." 353 So.2d at 1374.
In Banes v. Thompson, 352 So.2d 812 (Miss. 1977), the damage to the vehicles was small and none of the occupants thought they were injured at the time of the collision. Approximately thirty (30) minutes after the accident, the plaintiff complained of hurting and the next day she manifested swelling and bruises. The Court cited Jones v. Richards, 254 Miss. 617, 181 So.2d 923 (1966), and held that the jury verdict for the defendants was against the great weight of the evidence, that the trial court erred in refusing to grant a new trial, and stated:
"Appellants contend that the jury was entitled to find plaintiff did not sustain any personal injuries, and, therefore, was not entitled to recover. However, it is undisputed that thirty (30) minutes after the collision the child began to have pain, the next morning her mouth was swollen and bruised, and the injury to her teeth and gums was corroborated by her dentist. As stated in the Jones case, appellant was entitled to a verdict against one *1032 or both of the defendants, and the trial court erred in refusing to sustain the motion for a new trial." 352 So.2d at 814.
The same rule applies on motions granting or refusing new trials as on granting additurs or remittiturs. This Court looks to determine whether or not the trial judge abused his discretion in granting a new trial, and then applies that rule.
We said in Walton v. Scott, 365 So.2d 630 (Miss. 1978):
"When this Court reviews the action of a jury after the trial court refuses or grants a new trial on damages alone, the question is whether the verdict evinces bias, passion and prejudice on the part of the jury. In reviewing the action of the trial judge who enters an additur or remittitur on motion for a new trial, the Court looks to whether or not the trial judge manifestly abused his discretion in so doing. Dorris v. Carr, 330 So.2d 872 (Miss. 1976). However, in determining whether or not the trial judge abused his discretion it is necessary for this Court to look beyond his action and apply the rule stated in Biloxi Electric Co. v. Thorn, supra [264 So.2d 404 (Miss. 1972)]; Standard Products, Inc. v. Patterson, supra [317 So.2d 376 (Miss. 1975)]; and other cited cases on the question." 365 So.2d at 632.
The evidence in the case sub judice indicated that the appellee incurred medical bills in excess of eight thousand dollars ($8,000), that he sustained substantial loss in wages and income as a result of his back injury, and that he incurred much pain and suffering. We are of the opinion that, upon the record made, the verdict of the jury in the sum of $209.57 property damage was not responsive to the evidence and instructions, was contrary to the overwhelming weight of the evidence, that the trial judge did not manifestly abuse his discretion in ordering a new trial on the issue of damages, and that the judgment below should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.