392 So.2d 213 (1980)
Gene N. SHAW
v.
Mrs. Georgia Ann RICHARDSON.
No. 52299.
Supreme Court of Mississippi.
December 17, 1980.
Thomas W. Tyner, Tyner & McMahan, Hattiesburg, for appellant.
David O. McCormick, Cumbest, Cumbest & Hunter, Pascagoula, for appellee.
*214 Before SMITH, P.J., and SUGG and LEE, JJ.
LEE, Justice:
Mrs. Georgia Ann Richardson filed suit in the Circuit Court of Jackson County, Honorable Robert A. Prichard, presiding, against Gene N. Shaw, seeking damages for personal injuries sustained in a collision between an automobile driven by Shaw and one in which Mrs. Richardson was riding. The jury returned a verdict in the sum of forty-five hundred dollars ($4,500), judgment was entered in such amount for Mrs. Richardson, and Shaw has appealed to this Court, assigning three (3) errors in the trial below.

I.
Did the lower court err in overruling appellant's motion in limine for the exclusion of certain evidence?
On June 18, 1978, appellee was riding in an automobile driven south by her husband on six-lane Market Street in Pascagoula. As the vehicle, traveling in a middle lane, approached the intersection of Market Street and westbound Peter Street, an automobile driven by appellant in a southerly direction proceeded to make a left-hand turn onto Peter Street across the southbound lanes of Market Street, colliding with the Richardson vehicle. Appellee sustained injuries consisting of a blow to her head, cuts, a bruised shoulder, and pain in her chest, arms and shoulders. She was approximately nine (9) months pregnant at the time and was delivered of a child the next day. Appellant testified that her doctor bill at Singing River Hospital was thirty-seven dollars fifty cents ($37.50) and that ambulance charges amounted to fifty dollars ($50.00). She lost one day of work as a result of the accident.
Appellant filed a motion in limine requesting that the appellee be prohibited from showing on trial, or producing proof of (1) the premature birth of the child, (2) any permanent or partial disability she suffered as a result of the accident, (3) any loss of wages or future wages, (4) any future mental pain and anguish, (5) any damages for loss of the vehicle, and (6) drug bills. The trial judge overruled the motion.
No medical evidence was offered by either party, although appellee waived the physician-client privilege. Evidence was proper to show appellee's condition of pregnancy at the time of the accident. There was no attempt to show that such condition was aggravated by, or that the baby was injured in, the collision. Partial disability was shown by appellee as a result of the accident. No evidence of permanent disability was offered. Lost wages of one day were shown by the evidence and there was proof of appellee's suffering headaches from the time of the accident until trial. No effort was made to show damages for loss of the vehicle or drug bills.
From the above, it is apparent that the trial judge acted properly in overruling the motion in limine. Appellant cites McCay v. Jones, 354 So.2d 1095 (Miss. 1978) but that case is not authority for his position here. In the event appellee attempted to develop facts at trial which were objectionable, specific objections could be dealt with in the trial more efficiently than attempting to separate whole blocks of evidence. Haver v. Hinson, 385 So.2d 605 (Miss. 1980).

II.
Did the lower court err in declining to grant Instruction D-15 requested by appellant?
Instruction D-15 follows:
"The Court instructs the jury that Mr. Richardson, Plaintiff's husband, was under a duty to slow his vehicle while approaching the intersection of Market Street and St. Peter; that if you find from a preponderance of the evidence that Mr. Richardson failed to discharge this duty, then as a matter of law, he was negligent in the operation of his vehicle.
The Court further instructs the jury that if you find from a preponderance of the evidence that Mr. Richardson was guilty of negligence in failing to slow his *215 vehicle while approaching the aforesaid intersection and that such negligence was the sole, proximate and only cause of the accident which occurred, then your verdict shall be in favor of the Defendant, Gene N. Shaw."
Mr. Richardson testified that he decreased speed as he approached the intersection with Peter Street, which was not contradicted, although appellant testified that Richardson was exceeding the speed limit. Appellant was given other instructions (D-10 and D-12), which told the jury that "The operator of a motor vehicle is required to keep a due and proper lookout for other vehicles," and "It is the duty of the driver of an automobile to drive carefully and keep a lookout ahead and to keep his automobile under control in order to avoid colliding with objects in front of him." Speed and control complement each other. Considering all instructions for appellant and appellee as a whole, we are of the opinion that the jury was properly instructed and that refusal of D-15, if error, was harmless.

III.
Did the lower court err in declining to enter a remittitur or, in the alternative, to grant a new trial on the ground that the verdict was so excessive as to evince bias and prejudice against appellant on the part of the jury?
As stated, appellee testified that she sustained bruises to her shoulder, a bump and cuts on her hand, pain in her chest, arms and shoulders, and from the accident until the time of trial, had recurring headaches and pain in her chest, arms and shoulders. That testimony is uncontradicted and may be taken as true.
In Mississippi Power Co. v. Russell, 377 So.2d 595 (Miss. 1979), we said:
"In Walton v. Scott, 365 So.2d 630 (Miss. 1978), we restated the principle involved in the present case and said:
`In reviewing the action of the trial judge who enters an additur or remittitur on motion for a new trial, the Court looks to whether or not the trial judge manifestly abused his discretion in so doing. Dorris v. Carr, 330 So.2d 872 (Miss. 1976). However, in determining whether or not the trial judge abused his discretion it is necessary for this Court to look beyond his action and apply the rule stated in Biloxi Electric Co. v. Thorn, supra [264 So.2d 404 (Miss. 1972)]; Standard Products Inc. v. Patterson, supra [317 So.2d 376 (Miss. 1975)]; and other cited cases on the question.' 365 So.2d at 632." 377 So.2d at 596-597.
The same principle applies when the trial judge declines to enter an additur or remittitur on motion for a new trial.
In Ross & Co., Inc. v. McWhirter, 216 Miss. 658, 63 So.2d 38 (1953), the plaintiff obtained a verdict of three thousand dollars ($3,000) for personal injuries and damage to his automobile. The court affirmed with a remittitur of seven hundred fifty dollars ($750.00). The evidence relating to plaintiff's injury was stated in the opinion as follows:
"But the defendant further contends, as set forth in his motion for a new trial, that the verdict is grossly excessive as to actual damages to the automobile and to the person of the plaintiff. The testimony disclosed a cost of $280.15 for the repair of the automobile, and further disclosed that the plaintiff did not receive any bruise, cut or other injury to his person than the resulting nervousness that was occasioned by reason of the collision. He was a graduate student at Mississippi State College, alongside the campus of which the highway ran on which the collision occurred. We are impressed that he endeavored to truthfully state the extent of his injuries, and without exaggeration. He did not lose a day from school on account of the accident, did not consult a physician until a few weeks thereafter, and incurred no medical or hospital expense. He does not claim that any lameness resulted to him on account of the accident, or that he had suffered any pain other than the discomfort of nervousness, but did claim that he had *216 been unable to make as good grades as a student following the accident as he was able to make prior thereto.
The physician who examined him at the time above stated was of the opinion that he was extremely nervous and that from the history of the case this condition was the proximate result of the accident. He testified as a witness that the nervousness may last for several weeks longer after the trial, and it appears that a period of a few months had intervened between the date of the accident and the time of the trial." 216 Miss. at 663, 63 So.2d at 38.
After the remittitur in Ross, the judgment for personal injury damages stood at two thousand dollars ($2,000). By comparison, with inflation rampant, such damages in 1953 amount to more than $4,500 in 1980. Appellee's injuries were more serious than McWhirter sustained. We cannot say that the trial judge abused his discretion here in not entering a remittitur or granting a new trial on the issue of damages, or that the jury was biased or prejudiced in returning the verdict in such amount, or that the verdict was against the overwhelming weight of the evidence.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.