REUBEN GOLDEN *v.* MARY A. GOODE.

FRAUDULENT CONVEYANCES.  *Voluntary grantee.  Burden of proof.*

> The grantee in a voluntary conveyance has the burden of showing, when his deed is assailed by a creditor of the grantor, whose debt existed at the date of the conveyance, that the grantor retained property, easily accessible to execution, amply sufficient, in the ordinary course of events, to satisfy his then existing liabilities.

FROM the chancery court of Leflore county.

HON. A. H. LONGINO, Chancellor.

Mary A. Goode, appellee, was the complainant in the court below.  She filed her bill against Reuben T. Golden and Reuben Golden, father and son, defendants, to cancel, as a cloud upon her title to the land in controversy a certain deed executed by Golden, the father, conveying it to his infant son.  The bill charges that the conveyance was fraudulent and void, voluntary and without consideration, and that Golden, the father and grantor, was insolvent when he executed it, and owed, among other debts, at the time, one which was reduced to judgment; that an execution was issued on the judgment, and levied upon the land and sold, the complainant acquiring title under said execution sale.  The guardian *ad litem* of the infant defendant answered, denying fraud, and filed a general demurrer to the bill, which demurrer was overruled.

*Coleman & McClurg,* for appellants.

No lien existed under the judgment, and if the doctrine of *caveat emptor* apply, how can Mrs. Goode complain at the title she received, if any, from the constable's sale?  It is true she says that she was, and is now, a creditor of R. T. Golden, and that there were other creditors, but the court is left to draw upon its imagination as to what kind of creditor she is or was,

or anyone else was, save O'Neill & Son; and when she pur-chased the land she got just such title as Golden then had, which is shown by the record to have been none at all. Code 1892, § 3498.

*Rush & Gardner*, for appellee.

If any ground for relief is shown by the bill, it is sufficient upon a general demurrer. 1 Dan. Ch'y Plead. & Prac., 582, *et seq.* It was unnecessary for the child to be a party to the fraud in order to avoid the conveyance. He is a volunteer, and takes the conveyance with all of its infirmities.

It is argued that the bill does not show a judgment lien at the time of the conveyance. This was unnecessary. It is sufficient, as we understand the rule, for the conveyance to be made with a fraudulent intent, and this is shown by the allegation that the grantor was insolvent when he made the conveyance, and that he made the deed merely as a sham, so as to cover up the real title, in order that he might defeat his creditors. This court, in its opinion in the case of *Wynne* v. *Mason*, 72 Miss., 431, says that: "All the authorities agree in holding that a voluntary conveyance is presumptively void as to existing creditors, and the burden of proof is on the party making the conveyance to support it. The authorities are equally unanimous that a conveyance can be set aside by subsequent creditors, if made with the intent to defraud them, the only difference being that, as to the subsequent creditors, the burden of proof is on them to show that the conveyance was made for the purpose of defrauding them." "The result is the same in either case, and the question is one of the burden of proof." *Id.*, 432. Here was a conveyance by the father to the child, an infant, without consideration, and at a time when the grantor was insolvent, and made for the purpose of secretly controlling the property while the title was ostensibly in the child.

WHITFIELD, J., delivered the opinion of the court.

The rule as to voluntary conveyances may be thus stated.

A grantee in a voluntary conveyance must show, as against a creditor of the grantor, who is such at the date of the conveyance, that such grantor left out of such voluntary conveyance property easily accessible to execution, amply sufficient, in the ordinary course of events, to satisfy his then existing legal liabilities. That is his precise burden. In this case, besides answering the fraud, the demurrer is a general one, on one or more grounds.

*Affirmed, with leave to answer in thirty days from filing of mandate in court below.*