ODOM, et ux. *v.* LEUHR, et al.

No. 39851 February 6, 1956 85 So. 2d 218

*Robert E. Covington, Jr.,* Quitman; *Witherspoon & Bourdeaux,* Meridian, for appellants.

*Lavalle Smith, Russell Wright,* Meridian; *A. J. Reese,*
Quitman, for appellees.

ARRINGTON, J.

The appellees in a former suit recovered judgment in
the amount of $14,106.52 against the appellant, D. F.
(Frank) Odom, for the unlawful cutting of timber on
the appellee's land. Odom v. Leuhr, et al, 213 Miss.
782, 57 So. 2d 867. In the instant case, the appellees
filed suit in the Chancery Court of Clarke County to
set aside and cancel deed of conveyance of March 29,
1949, from D. F. Odom to his wife, Mrs. Vermel Craft
Odom, on the ground that the conveyance was to hinder,
delay, and defraud appellees of their just and lawful
action against appellant Odom. From a decree setting
aside and cancelling the deed as a fraudulent conveyance
as to the appellees, the Odoms appeal.

The deed recited a consideration of $10 and conveyed approximately 148 acres of land of the value of $9,000, which property was occupied by appellants as a homestead.

The record in Odom v. Leuhr, et al, supra, was introduced in the present case, and shows that the appellant wrongfully cut, or had cut, the timber on appellees' land during the period from November 1, 1948 to April 1, 1949. Suit for the wrongful cutting was filed by appellees on May 31, 1949. Decree was rendered for appellees on February 14, 1951, and affirmed by this Court on April 7, 1952. While this appeal was pending, the Odoms sold to the Knightons the property involved for $9,000, receiving $3,000 in cash and $6,000 in notes, secured by deed of trust on the land. The appellees asked that the $6,000 indebtedness be subjected to the judgment against Odom.

The appellants first contend that the court erred in setting aside and cancelling the deed as a fraudulent conveyance as to the appellees. The rule as to fraudulent conveyances is well stated in the case of Robinson et al v. McShane, 163 Miss. 626, 140 So. 725, as follows: ''The applicable law is well settled in this State, and a succinct statement of it is that, if a debtor, and especially if he be largely indebted, convey a substantial portion of his property for a nominal consideration or by way of gift, this is presumptively fraudulent as to existing creditors, and the burden will rest upon the defendant to rebut the presumption by showing that the debtor retained property easily accessible to execution and amply sufficient in the ordinary course of events to satisfy his then existing legal liabilities. Golden v. Goode, 76 Miss. 400, 24 So. 905; Ames v. Dorroh, 76 Miss. 187, 197, 23 So. 768, 71 Am. St. Rep. 522.''

In the cited case of Golden v. Goode, supra, this Court said: ''The rule as to voluntary conveyances may be thus stated. A grantee in a voluntary conveyance must

show, as against a creditor of the grantor, who is such at the date of the conveyance, that such grantor left out of such voluntary conveyance property easily accessible to execution, amply sufficient, in the ordinary course of events, to satisfy his then existing legal liabilities. That is his precise burden.''

 █ We are of the opinion that the conclusion of the chancellor, both as to the law and the facts, in setting aside and cancelling the deed as a fraudulent conveyance is correct.

The appellant also contends that the court erred in allowing an exemption of $3,000 instead of $5,000. We think this contention of the appellant is well founded. Section 317, Mississippi Code of 1942, provides that homesteads shall be exempt from execution and attachment up to the value of $3,000. This section was amended by Chapter 360, Laws of 1950, which raised the exemption to $5,000. This act was approved on April 15, 1950 and provided ''that this act shall take effect and be in force from and after its passage.'' The suit for the wrongful cutting of the timber (November, 1948 to April 1, 1949) was filed on May 31, 1949, and decree for damages was entered against the appellant on February 14, 1951. The appellant relies on the recent case of Stringer v. Craft, 55 So. 2d 869, however, this case does not decide the point involved here. The appellee cites the case of Johnson v. Fletcher, 54 Miss. 624, which holds that the execution rights of a judgment creditor becomes fixed when he obtains his judgment and that the legislature can not increase the exemption as to existing debts. The Court there said:

''It may now be considered as firmly settled here and elsewhere, that any law which materially increases the amount of property withdrawn from liability to the owner's debts impairs the obligation of existing contracts, and is therefore, as to them, unconstitutional. Lessley v. Phipps, 49 Miss. 790; Gunn v. Barry, 15 Wall. 610;

The Homestead Cases, 22 Gratt. 266.'' See also Rice v. Smith, 72 Miss. 42; McCreight, et al v. Scales & Co., et al, 134 Miss. 303, 99 So. 257.

■■ The question involved here is not a cause of action arising out of a contract, but one of tort. We are of the opinion that a tort action does not come within the constitutional provisions of Section 16 of the Mississippi Constitution of 1890, or Article I, Section 10, of the Federal Constitution. The chancellor's decree subjected the $6,000, the remaining indebtedness on the property, to the appellee's judgment. The cause will be remanded in order that the appellants may receive the benefit of a total exemption of $5,000.

Affirmed in part, reversed in part, and remanded.

*Roberds,* P.J., and *Lee, Holmes* and *Ethridge,* JJ., concur.