JONES, Justice:
Appellee recoverd a judgment for $24,-©00 for personal injuries received when the -car in which she was riding, driven by her husband, was knocked off the highway by appellant’s truck, driven by its employee Frankie Lee Hughes. A wheel of the truck came off, the axle dropped to the ground, and the jury was justified in believing from the evidence, regardless of the reason for the loss of the wheel, that the truck was being driven at an excessive and unlawful rate of speed, which proximately contributed to the wreck, since the driver, because of the excessive speed, was unable to stop or control the truck after losing the wheel.
The case is from the Circuit Court of Scott County.
The evidence was sufficient to sustain liability and the only assignment for discussion by us is that as to the excessiveness of the verdict
The injuries were received August 12, 1963; the case was tried in July 1965, twenty-three months later.
Appellee was thrown from the seat onto the floor under the dashboard, where apparently she “blacked out” for a short while. She received a gash inches to 4 inches long on her forehead. She was taken to the hospital at Forest by a passing truck and there received first aid, including ten to fifteen stitches in her forehead and preventive injections. From Forest, she was carried to Anderson’s Infirmary at Meridian where she remained under the care of her physicians until August 17th. When she was thrown to the floor of the car, her knees folded under her and became black and blue. At the time of the trial, practically two years later, it was shown that when she stands , for any length of time her right leg and foot become swollen.
' , . ... - . - From the infirmary she went to her daughter’s home where she lived for six weeks and, according to the proof, was not , able to do anything. She could not get on her feet and legs, her head bothered her. She had terrific headaches and neck pain. One of her arms was sore and she couldn’t do anything with it. She also had pain in her leg and knee.
When she returned home, she was unable to do anything and two years later (the time of the trial) she was still unable to do very much of her housework. Her husband and her daughter did most of it.
Her leg, foot and knee still pained her and her, arm bothered her. She still had headaches and some sort of “flash” explosions in her head. Her husband did most of the housework and had to iron his shirts.
Dr. L. W. Willie, a neuropsychiatrist, examined appellee in November 1963 and *139 again a day or so before the trial. He made a complete physical and neurological and a partial psychiatric examination. He said she had received traumatic injuries to her head, left shoulder, and knees, and complained of pain in those areas. On the last examination, she appeared mildly depressed and cried without adequate cause. There was evidence of loss of nerve in the right frontal temporal area of the head. She had a scar on her forehead. She had anesthesia on the forehead and could have some neuritis and neuritic type headaches. Some nerve injuries recover in 18 to 24 months. She had no recovery, and Dr. Willie was of opinion she would never recover. He was of opinion also she had traumatic bursitis or injury to the smooth surfaces of the left shoulder joint, which inhibited the use of the arm. He further testified she appeared distressed, with a blank expression and no animations and that condition was probably caused by the accident,
There was also the scar on her forehead which could be seen by the jury and would, of course be a disfigurement As shown by testimony, she was still suffering and incapacitated at the time of trial, practically two years after the injuries.
Had we been on the jury, very likely none of us would have voted for so large a verdict However, that fact cannot control us here: The amount of the verdict is within the province of the jury and we should not interfere therewith unless and until the amount thereof comes within the rules laid down heretofore for the entry of remittiturs.
While this verdict is liberal, we do not consider it as requiring a remittitur, and the case is affirmed.
Affirmed.
ETHRIDGE, C J., and PATTERSON, INZER and ROBERTSON, JJ., concur.