369 So.2d 743 (1979)
BUILDERS SUPPLY COMPANY OF HATTIESBURG et al.
v.
PINE BELT SAVINGS & LOAN ASSOCIATION et al.
No. 51067.
Supreme Court of Mississippi.
April 4, 1979.
*744 Moore, Jones & Moore, H.A. Moore, III, Travis & Travis, J. Kearney Travis, Jr., Hattiesburg, Van C. Temple, Jr., Eubanks, Temple & Hudson, Purvis, for appellants.
Barefield, Riley & Evans, Stone D. Barefield, Hattiesburg, Joseph E. Brown, Jr., Asst. U.S. Atty., Robert E. Hauberg, U.S. Atty., Jackson, Wynette J. Hewett, Washington, D.C., for appellees.
Before SMITH, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
This appeal involves three questions: (1) Was the holder of the second deed of trust entitled to payment of its junior lien out of any surplus arising from a sale under a first deed of trust? (2) Were the homestead exemptionists entitled to an exemption of $15,000 under Miss.Gen.Laws, Ch. 323, Sec. 5 (1970), which increased the exemption from $5,000 to $15,000? (3) Was the United States entitled to apply exempt proceeds to satisfy a federal tax lien?
Mason M. Baker and wife, Charlene P. Baker, executed a deed of trust on May 21, 1965, securing a debt due Pine Belt Savings & Loan Association. After default, the property described in the deed of trust was sold at a foreclosure sale for $29,882.17 on December 11, 1975. The trustee applied the proceeds to the debt due Pine Belt, the trustee's fee and expense of sale, leaving a surplus of $15,911.37.
Three classes of creditors claimed the surplus. (1) Builders Supply Company claimed part of the surplus to satisfy the amount due on its second deed of trust. (2) Thirteen judgment creditors claimed the surplus to satisfy their judgments aggregating $15,784.48 which were enrolled on varying dates from February 5, 1969 to July 17, 1970. (3) The United States claimed the surplus proceeds to satisfy its tax lien in the amount of $17,050.82 which was filed on the 6th day of February, 1975. In addition, the Bakers claimed $15,000 of the surplus as a homestead exemption.

I.

WAS THE HOLDER OF THE SECOND DEED OF TRUST ENTITLED TO SATISFY ITS JUNIOR LIEN OUT OF THE SURPLUS ARISING FROM THE SALE UNDER THE FIRST DEED OF TRUST?
Mr. and Mrs. Baker executed a second deed of trust on the 4th day of October, 1968, which secured an indebtedness to Builders Supply Company. The chancellor held that the balance due on March 16, 1977, on the Builders Supply debt was $10,319.22, which was itemized as follows:

 Principal $5,500.00
 Interest 3,473.25
 Attorney's Fees (15%) 1,345.98
 __________
 Total ..................... $10,319.23

The chancellor held that the foreclosure of the Pine Belt's senior deed of trust terminated the lien created by Builders Supply second deed of trust, and that Builders Supply was not entitled to satisfy its lien out of the surplus arising from the foreclosure of the senior deed of trust. This holding by the chancellor was erroneous because we *745 stated in O'Reilly v. Hendricks, 10 Miss. 388, 2 S&M (1844), the following:
As a general rule a junior lien entitles the holder to the residue of the encumbered property, after an older lien has been satisfied. In equity the junior claimant would be entitled to the surplus of money arising from a sale under the older lien. (10 Miss. at 400).
In Great Southern Land Co. v. Valley Securities Co., 162 Miss. 120, 137 So. 510 (1931), we stated:
The general rule is that, where a surplus remains after satisfying a senior mortgage, it should be applied on the junior mortgage. O'Reilly v. Hendricks, 2 Smedes & M. 388. (162 Miss. at 136, 137 So. at 514).
We have not departed from the rule announced in O'Reilly v. Hendricks, supra, that the surplus arising from a sale under a senior lien should be applied on a junior lien. We therefore reverse the chancellor on this issue. On remand, the trial court shall allow Builders Supply, from the surplus, the sum of $10,319.23 which was due it on March 16, 1977, plus interest at the rate of 7 1/2% from March 16, 1977, until paid on the principal of $5,500 and attorney's fees of 15% on the additional interest as provided in the note.

II.

WERE THE BAKERS ENTITLED TO A HOMESTEAD EXEMPTION OF $15,000?
Miss.Gen.Laws Ch. 323, Sec. 5 (1970), was approved April 6, 1970, effective July 1, 1970. Among other things, the act increased the homestead exemption from $5,000 to $15,000. The act provided:
Section 7. Nothing in this act shall affect any execution or attachment upon which levy has been made and under which an execution sale or attachment is pending at the time of the effective date of this act, but such execution or attachment may proceed in all respects according to the law prevailing at the time such levy or attachment is made.
Section 8. This act shall not affect any matter in any court of this state that is pending at the time this act takes effect.
Sections 7 and 8 of the act indicate that the legislature recognized that it could not enlarge the exemptions of property from liability to existing creditors thereby impairing the obligations of contracts prohibited by the federal and state constitutions.[1] It is firmly settled that any law which materially increases the amount of exempt property withdrawn from liability for the debts of the owner of the property impairs the obligation of existing contracts and is, as to existing creditors, unconstitutional because an exemption may not be applied retroactively. Odom v. Leuhr, 226 Miss. 661, 85 So.2d 218 (1956); Johnson v. Fletcher, 54 Miss. 628 (1877); Lessley v. Phipps, 49 Miss. 790 (1874).
We held in Odom that the landowner in that case was entitled to the increased exemption because the judgment in question was not obtained until after the effective date of the increase in the homestead exemption. Odom did not involve an existing contract but was an action for damages for a tort committed by the landowner. Although the cause of action accrued and suit was filed in Odom before the effective date of the increased homestead exemption, we held this fact did not bring the case within the prohibition of the federal and state constitutions against the legislature passing a law impairing a contract.
Odom reaffirmed the rule stated in Johnson v. Fletcher, supra, that the execution rights of a judgment creditor become fixed when he obtains his judgment and the legislature cannot increase the exemption as to existing debts.
In this case, all of the judgments were obtained and enrolled before July 1, 1970, the effective date of the amendment increasing the homestead exemption, except *746 the claim of Atlas Brick Company. The judgment in favor of Atlas Brick Company was rendered July 17, 1970, in the Circuit Court of Lamar County. The judgment recites that it was a suit on a promissory note and that personal service of process was had on the defendant, Mason Baker, returnable to a prior term of the court. The claim of Atlas Brick Company was pending on the effective date of the act increasing the homestead exemption so the increased exemption did not apply. (Section 8, supra.)
We therefore conclude that the $5,000 exemption which existed before the amendment was applicable to the claims of all the judgment creditors and the chancellor erred in holding that the landowners were entitled to a homestead exemption of $15,000.

III.

IS THE UNITED STATES ENTITLED TO APPLY EXEMPT PROCEEDS TO SATISFY A FEDERAL TAX LIEN?
The chancellor held that the United States was entitled to recover the amount of the homestead exemption to satisfy its tax lien. Section 6334(c) of the Internal Revenue Code of 1954 (26 U.S.C.) provides that the only property exempt from a levy to satisfy unpaid federal taxes is the property specified by Section 6334(a). Section 6334(a) does not recognize homestead exemption. The appellants have not challenged the correctness of this holding of the chancellor. Accordingly that part of the decree specifying that the United States is to receive the amount of the homestead exemption is affirmed; however, since we have held that the homestead exemption of $5,000 applies rather than $15,000, recovery by the United States will be limited to $5,000.

CONCLUSION
The chancellor will order distribution of the surplus as follows: (1) the claim of Builders Supply in the amount heretofore set forth; (2) $5,000 to the United States; (3) any balance remaining to be distributed to the judgment creditors in accord with the final decree of March 21, 1978. We are unable to ascertain the balance remaining for distribution to the judgment creditors because the surplus proceeds were invested and the amount of interest accruing is not shown by the record; therefore, it is necessary to remand for entry of a final decree of distribution to the judgment creditors.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] 1, § 10 ¶ 1 United States Constitution and Art. 3, § 16 Mississippi Constitution of 1890.