485 So.2d 691 (1986)
Wallace Wade COBB and Mary Ann C. Cobb
v.
Troy Eugene COBB.
No. 55432.
Supreme Court of Mississippi.
March 19, 1986.
Rehearing Denied April 9, 1986.
Eddy Parsons, Parsons & Matthews, Wiggins, for appellants.
Boyce Holleman, Gulfport, James M. Hall, Wiggins, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Wallace Wade Cobb and Mary Ann C. Cobb, husband and wife, appeal from a judgment entered in the Chancery Court of Stone County, granting Troy Eugene Cobb damages for personal injuries sustained in the amount of seventy-seven thousand seven hundred sixteen dollars ninety-three cents ($77,716.93) actual damages, and fifteen thousand dollars ($15,000) punitive damages, aggregating ninety-two thousand seven hundred sixteen dollars ninety-three cents ($92,716.93), and cancelling a deed conveying real property to Mary Ann C. Cobb. The appellants assign six (6) errors in the trial below.
On the morning of June 5, 1981, appellant Wallace Wade Cobb and appellee were driving their vehicles on a narrow public road in Stone County, and were approaching and meeting each other. Appellant Cobb, fifty-one (51) years of age, was the uncle of appellee, age twenty (20) years. Apparently, they previously had trouble between them. Words were passed, appellee emerged from his pickup truck, and an argument ensued, which resulted in appellant Cobb shooting the unarmed appellee twice with a.38-caliber revolver.
One bullet struck appellee in the rear left arm, ranged into his back and lodged a short distance below the neckline. The second bullet penetrated his left thigh from the rear. Cobb drove off without rendering aid or attempting to ascertain the condition of appellee as he lay bleeding on the ground. Appellee finally managed to pull *692 himself into his truck and drive to a nearby house for aid. Appellee was taken to the Stone County Hospital, where he remained for four days.
On June 24, 1981, the Grand Jury for Stone County returned an indictment charging appellant Cobb with aggravated assault. On November 13, 1981, he entered a plea of guilty to the indictment and subsequently was sentenced to twelve (12) years in the Mississippi State Penitentiary. The sentence was suspended for five (5) years on the condition that appellant move at least one hundred twenty-five (125) miles from Stone County within the period of one week. Appellant Cobb conveyed unto his wife, Mary Ann C. Cobb, on January 15, 1982, his interest in 220 acres of land, jointly owned by them.
On January 22, 1982, appellee filed a complaint in the Circuit Court of Stone County, seeking damages, both actual and punitive, against appellant Cobb for personal injuries and to set aside the deed of conveyance as a fraudulent conveyance. The cause was transferred by the circuit court to the Chancery Court of Stone County, upon motion of the appellants, since the suit involved the question of a fraudulent conveyance.

I.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT SINCE THE APPELLEE'S PLEADINGS WERE NOT REFORMED UPON TRANSFER FROM THE CIRCUIT COURT TO THE CHANCERY COURT.
The Mississippi Rules of Civil Procedure were in effect when the complaint was filed and, although they do not specifically address transfer of causes, Rule 81(g) provides:
When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Mississippi, these rules, or any applicable statute.
We have examined the complaint and, whether filed in the circuit court or the chancery court, it stated a cause of action without change and there was no need or reason for its reformation. In addition, the case of Star Chevrolet Co. v. Greene, 473 So.2d 157 (Miss. 1985), is dispositive of the question.

II.  V.

THE LOWER COURT ERRED IN AWARDING TO THE APPELLEE DAMAGES FOR PAIN AND SUFFERING ABSENT ANY COMPETENT MEDICAL PROOF OF THE SAME.

THE LOWER COURT ERRED IN AWARDING DAMAGES BASED ON THE TESTIMONY OF THE APPELLEE'S PSYCHIATRIST.

THE LOWER COURT ERRED IN GRANTING PUNITIVE DAMAGES ABSENT COMPETENT EVIDENCE OF THE APPELLANT'S NET WORTH.

ACTUAL AND PUNITIVE DAMAGES AWARDED BY THE LOWER COURT WERE EXCESSIVE.
Appellants contend that there was no competent medical proof of pain and suffering and that the court erred in awarding damages based on the testimony of the appellee's psychiatrist.
The appellee and lay witnesses testified extensively about the pain and suffering which appellee has experienced. Dr. Jay W. Seastrunk, an eminently qualified psychiatrist, testified at length that appellee was suffering from a major depression; chronic post-traumatic stress syndrome; that he placed appellee on anti-depression medication; that appellee has a real injury to the mind and the body; that he is permanently affected by the shooting incident; that he is in need of continuing neuroleptic treatment in the future; and that from his examination of appellee's left thigh, he determined that there were changes in circulation. *693 The record reflects that appellee sustained permanent injuries in mind and body and that he would continue to experience pain and suffering.
Evidence for the appellee indicated that he was unable to maintain an athletic football scholarship due to his injuries, and that his special damages, including present and future medical bills and treatment, amounted to ten thousand five hundred thirty dollars ($10,530).[1] In Ross & Co., Inc. v. McWhirter, 216 Miss. 568, 63 So.2d 38 (1953), the jury returned a verdict for three thousand dollars ($3,000), which was affirmed for twenty-two hundred fifty dollars ($2,250). The Court said:
But the defendant further contends, as set forth in his motion for a new trial, that the verdict is grossly excessive as to actual damages to the automobile and to the person of the plaintiff. The testimony disclosed a cost of $280.15 for the repair of the automobile, and further disclosed that the plaintiff did not receive any bruise, cut or other injury to his person than the resulting nervousness that was occasioned by reason of the collision. He was a graduate student at Mississippi State College, alongside the campus of which the highway ran on which the collision occurred. We are impressed that he endeavored to truthfully state the extent of his injuries, and without exaggeration. He did not lose a day from school on account of the accident, did not consult a physician until a few weeks thereafter, and incurred no medical or hospital expense. He does not claim that any lameness resulted to him on account of the accident, or that he had suffered any pain other than the discomfort of nervousness, but did claim that he had been unable to make as good grades as a student following the accident as he was able to make prior thereto.
The physician who examined him at the time above stated was of the opinion that he was extremely nervous and that from the history of the case this condition was the proximate result of the accident. He testified as a witness that the nervousness may last for several weeks longer after the trial, and it appears that a period of a few months had intervened between the date of the accident and the time of the trial.
216 Miss. at 663, 63 So.2d at 38-39.
We are of the opinion that there is no merit in Assignments II  III.
Appellant contends that there was no competent evidence of the appellant's net worth and that the court erred in granting punitive damages. The record reflects appellant's net worth as follows:
(1) 220 acres in Stone County valued and offered for sale by appellant at $334,000
(2) Appellant owes no one any money
(3) 1978 Chevrolet pickup
(4) A few pieces of farm equipment
(5) Prior to the suit, a joint savings account which contains $7,000 to $10,000
Cobb contends that the actual and punitive damages awarded by the lower court are excessive.
In Morton Broiler Farms, Inc. v. Morgan, 191 So.2d 137 (Miss. 1966), Mrs. Morgan's injuries consisted of a cut on the forehead, leaving a scar, traumatic bursitis, and loss of nerve in the frontal temporal area of the head, as a result of an automobile collision. The Court said, in affirming an award of twenty-four thousand dollars ($24,000):
Had we been on the jury, very likely none of us would have voted for so large a verdict. However, that fact cannot control us here. The amount of the verdict is within the province of the jury and we should not interfere therewith unless and until the amount thereof comes within the rules laid down heretofore for the entry of remittiturs.

*694 While this verdict is liberal, we do not consider it as requiring a remittitur, and the case is affirmed.
191 So.2d at 139. See jury verdicts affirmed in Edwards v. Ellis, 478 So.2d 282 (Miss. 1985) ($80,000); Jesco, Inc. v. Shannon, 451 So.2d 694 (Miss. 1984) ($1,024,268); Bulk Transport, Inc. v. Smith, 274 So.2d 683 (Miss. 1973) ($40,000); New Orleans and Northwestern Railroad Co. v. Weary, 217 So.2d 274 (Miss. 1969) ($50,000).
We are of the opinion that the lower court was not manifestly wrong in awarding actual and punitive damages in the amount of $92,716.93, and that the judgment of the lower court should be sustained.

VI.

THE LOWER COURT ERRED IN SETTING ASIDE THE CONVEYANCE FROM THE APPELLANT, WALLACE WADE COBB, UNTO THE APPELLANT, MARY ANN C. COBB, BY DEED DATED JANUARY 15, 1982.
The Cobbs set the value of the land involved in the conveyance from appellant Cobb to his wife at $334,000. There was no monetary consideration for the instrument. The deed of conveyance was executed on January 15, 1982, the same day appellant Cobb was sentenced in the circuit court. The instrument was recorded January 19, 1982, in the deed records of Stone County, Mississippi. On January 22, 1982, appellee filed his complaint in the Circuit Court of Stone County. Obviously, the conveyance was for the purpose of evading payment of a judgment which might result from an anticipated civil action. The lower court held that the instrument was a fraudulent conveyance as to appellee, who occupied the status of creditor within the meaning of the fraudulent conveyance statutes. We think the lower court was eminently correct in so holding. See Morgan v. Sauls, 413 So.2d 370 (Miss. 1982). In Sauls, the Court said:
All of these deeds were executed following September 22, 1979 (the date of the shooting), and, of course, recorded following that date. These dates clearly fell within the prescription of Blount v. Blount, 231 Miss. 398, 95 So.2d 545 (1957); Odum v. Luehr, 226 Miss. 661, 85 So.2d 218 (1956); ...
413 So.2d at 374.
The record reflects that the aggravated assault by appellant Cobb upon his young nephew was a heinous shooting and was willful and wanton, particularly in view of Cobb's leaving the young man wounded and bleeding at the scene, without concern or aid for his condition. Appellee miraculously survived the shooting by his uncle with a .38-caliber Smith and Wesson revolver. Appellant Cobb was lucky that he left the Stone County Circuit Court with a suspended sentence. Except for the survival of his nephew, appellant Cobb probably would have faced a trial for murder, and, if convicted, a life sentence in the Mississippi state penitentiary.
We find no errors in the trial below and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Upon sentencing Cobb, one condition of the suspension of sentence was that he pay $1,400.00 on the medical bills of appellee which had accrued at that time. Such amount was credited to the special damages proved by him.