491 So.2d 212 (1986)
SOUTH CENTRAL BELL TELEPHONE COMPANY, INC. and Ronald A. Clanton
v.
Moreice PARKER and Glinnie Leach.
No. 55582.
Supreme Court of Mississippi.
June 4, 1986.
*213 Shelby Duke Goza, Ethridge, Grisham & Goza, Oxford, for appellants.
Cliff Finch, Charles Baglan, Stephen L. Henning, Batesville, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
South Central Bell Telephone Company, Inc. and Ronald A. Clanton appeal from judgments on jury verdicts entered in the Circuit Court of Panola County in favor of Moreice Parker in the sum of fifty-eight *214 thousand eighty-four dollars ($58,084.00) and Glinnie Leach in the sum of thirty-eight thousand nine hundred fifty-one dollars ($38,951.00) for personal injuries sustained in an automobile-truck collision. They assign four (4) errors in the trial below.
On October 7, 1981, appellees Parker and Leach were riding on the backseat of an automobile driven by Edna Wright in a northerly direction on Highway 51 in Batesville, Mississippi. As the vehicle approached the intersection of Highway 51 and Highway 6, Miss Wright turned right on the access road in order to enter and travel east on Highway 6. Traffic was flowing on the highways and she stopped at a yield sign before entering Highway 6. Appellant Ronald Clanton, an employee of appellant South Central Bell, was driving a company truck along the access road, following and approaching the vehicle driven by Miss Wright. Clanton was looking back on the left to see what traffic was on Highway 6, but failed to look where he was traveling, and ran into the rear of the stopped Wright vehicle, injuring the appellees.

I.

THE JURY HEARD TESTIMONY CONCERNING THE ISSUANCE OF A TRAFFIC CITATION TO APPELLANT RONALD A. CLANTON, WHICH WAS CONTRARY TO MISSISSIPPI STATUTORY LAW AND WAS CLEARLY PREJUDICIAL.
Officer Gerald Legge, Jr., Batesville Police Department, an investigating officer at the scene, was called as a witness by the appellees. A part of his testimony objected to by the appellants, follows:
(COUNSEL FOR APPELLEE MR. FINCH)
(EXAMINATION OF OFFICER LEGGE)
Q. Okay. Did you at that time, tell any of the parties to go to the Police Station or go home or what, if anything, did you tell them to do?
A. I just made out the standard report and I didn't as far as I can remember give any special instructions to anybody as to what they needed to do other than be  when the citation was issued, just how to take care of that.
COUNSEL FOR DEFENDANT (Mr. Goza): Your Honor, I object to anything he asked ...
THE COURT: I sustain it. That doesn't have any part in this procedure.
Q. And, that concluded your investigation?
COUNSEL FOR DEFENDANT (Mr. Goza): ... and, ask the Jury not to take it into consideration.
THE COURT: Did you ask me to clarify that to the Jury?
COUNSEL FOR DEFENDANT (Mr. Goza): Yes, I did. I ask that the Court instruct the Jury on it.
The lower court then proceeded to instruct the jury to disregard the statement and reference made by the police officer.
Appellants contend that the answer by Officer Legge was in violation of Mississippi Code Annotated § 63-15-23 (1972), and that it was prejudicial, even though the lower court instructed the jury to disregard the testimony. Section 63-15-23 provides that the officer's report required by Mississippi Code Annotated § 63-15-9, the action taken by the department, and the findings of the department upon which such action was based, shall not be referred to in any way, or be any evidence of either party's negligence, at a trial to recover damages.
There is no merit in this assignment for several reasons:
(1) The answer did not specify that a citation was given to appellant Clanton;
(2) The lower court sustained appellant's objection and instructed the jury to disregard the answer;
(3) Counsel for appellants did not move for a mistrial;
(4) Subsequently, the lower court granted a directed verdict on liability.
*215 If the appellants thought they were prejudiced by the officer's statement to the extent that it could not be cured by the instruction of the court to disregard the statement, then the appellants should have requested a mistrial. The appellants may not wait until after a verdict has been returned unfavorable to them and then raise the point for the first time on motion for new trial. Anderson v. Jaeger, 317 So.2d 902 (Miss. 1975); Robertshaw Trustees v. Columbus & G. Ry. Co., 185 Miss. 717, 188 So. 308 (1939); Ratliff v. State, 313 So.2d 386 (Miss. 1975).

II.

THE TRIAL COURT ERRED IN GRANTING ON ITS OWN MOTION, AND WITHOUT A MOTION FROM THE APPELLEES, A DIRECTED VERDICT AGAINST THE APPELLANTS.
Appellees' counsel state they moved for a directed verdict during an unrecorded discussion, after appellants rested. The record does not reflect that a motion for directed verdict was taken down and transcribed by the court reporter. Appellants contend that the lower court could not enter a directed verdict on its own motion and that it committed reversible error. The lower court order and discussion surrounding it follow:
THE COURT: Let the record show that the Court will grant a directed verdict for the Complainants as to liability, and I don't think there's any factual situation here that the Jury could determine otherwise and we'll go on and get that matter resolved at this point. I think the Jury, if they applied good common sense to the facts before them, will have to arrive at that conclusion. I don't think there's any room for dispute on it. Mr. Goza, do you agree with what I said?
COUNSEL FOR DEFENDANT (Mr. Goza): Yes, sir, Judge, we've got one good one. On the same point or before we go to something  if we're going to continue on the same point. I want  for the record, I'd like to object to the directed verdict against the Defendants.
THE COURT: Do you want to take exception to the rule?
COUNSEL FOR DEFENDANT (Mr. Goza): Yes, sir. And, the,  we are also  we have pled affirmative defenses as to the comparative negligence of the Defendant, Edna Wright, in stopping unnecessarily in front of the Defendant, Ronald Clanton, and we feel that we should not have a directed verdict against that point as far as a part of this record, so, you can go on and rule on that and get all of this cleared up at this particular time.
THE COURT: I don't think for the record that there is any proof before the Jury on contributory negligence and would not be able to instruct the Jury on that point.
COUNSEL FOR DEFENDANT (Mr. Goza): And, I would like for the record to reflect my exception to that.
Appellants cite Ross Cattle Co. v. Lewis, 415 So.2d 1029 (Miss. 1982), in support of their position.[1] We think that Ross Cattle Co. is distinguished from the present case on the facts and the nature of the case. It is obvious from the record here that the lower court and the attorneys were under the impression that motions for directed verdicts had been made, but that the motions were not recorded by the court reporter. The appellants' attorney did not object to the manner in which the directed verdicts were granted, or that no motions for directed verdicts were made by the appellees' attorney.
Without question, the appellees were entitled to directed verdicts upon the uncontradicted testimony of the appellant Clanton and witnesses for the appellees. Since Newell v. State, 308 So.2d 71 (Miss. 1975), trial courts have been giving their instructions at their own volition in addition to requested instructions by the parties. Even though the motions for directed verdicts do not appear in the record, after *216 carefully scrutinizing the record and discussions between the court and the attorneys, we are of the opinion that the directed verdict was properly entered by the trial judge.

III.-IV.

THE COURT ERRED IN SUBMITTING THE ISSUE OF LOST WAGES AND FUTURE LOSS OF WAGES AND WAGE-EARNING CAPACITY TO THE JURY IN INSTRUCTION P-2 AS THERE WAS NO PROOF THE APPELLEE SUFFERED ANY LOSS OF WAGES, OR THAT THEY WILL SUFFER LOSS OF WAGES OR WAGE-EARNING CAPACITY IN THE FUTURE.

THE MONETARY VERDICT ON BEHALF OF EACH APPELLEE, THAT IS, THE SIZE OF THE VERDICT, WAS EXCESSIVE, AND, THEREFORE, IT COULD ONLY HAVE RESULTED FROM BIAS, PASSION OR PREJUDICE ON THE PART OF THE JURY AND A REMITTITUR SHOULD HAVE BEEN ORDERED.
Under Assignment III, appellants contend that the court erred in submitting the issue of lost wages, future lost wages and decreased earning capacity to the jury in Instruction P-2, since there was no proof of such losses.
Appellants concede that the items of lost wages, loss of future earnings and diminished earning capacity are proper items of damages, but contend that such damages were not proved. Capital Transport Co. v. Segrest, 254 Miss. 168, 181 So.2d 111 (1965); Walters v. Gilbert, 248 Miss. 77, 158 So.2d 43 (1963); Sinclair Refining Co. v. Tompkins, 117 F.2d 596 (5th Cir.1941). The testimony reflects the following losses by the appellees:
I. Appellee Moreice Parker
A. Present Loss
1. Due to accident, missed 13 days of work.
2. At time of accident, making $4.23 per hour.
B. Future Loss and Wage-Earning Capacity
1. Parker testified as to some physical limitations in her job.
2. Present employer said she wouldn't hire Parker today.
3. Dr. Smoot, orthopedic surgeon, gave a 10% permanent disability rating and stated Parker would need medical attention in the future.
4. Dr. Cunningham doesn't give ratings, but stated in a desposition that she had some degree of muscle irritability.
5. Dr. Fairchild, family medicine, gave at least 20% permanent disability and that she would require future medical attention.
II. Appellee Glinnie Leach
A. Present Loss
1. Missed seven days of work.
2. Earns $3.35 per hour.
B. Future Loss and Wage-Earning Capacity
1. Leach testified to a lot of pain, headaches, etc.
2. Dr. Smoot stated, "acute cervical sprain," 5% disability at this point, muscle and tendon damage.
3. Dr. Fairchild testified 10% permanent disability with 10% possible development of traumatic arthritis, also, that Leach would always need medication and would probably need future medical attention.
The Instruction P-2 submitted to the jury the determination of lost wages, lost future wages, and decreased earning capacity. If the elements of damages were not proved by a preponderance of the evidence, then it was for the jury to deny damages for such alleged losses. We are of the opinion that the instruction does withstand muster.
Appellants complain under Assignment IV that the verdict was excessive and resulted from bias, passion or prejudice on *217 the part of the jury and that a remittitur should have been ordered.
The injuries and losses of the appellees were shown by competent physicians and by lay witnesses. Summaries of their injuries follow:

 Physical Injury
Parker  Spine/Neck Leach  Spine/Neck
 Mental/Physical Pain (Present and Future)
Parker  A lot of pain with possible complications in the future.
 Will require future medical attention.
Leach  Pain, headaches, with possible complications in the
 future. Probably will require future medical attention.
 Temporary and Permanent Disability
Parker  10% to 20% Permanent Disability
Leach  5% to 10% Permanent Disability
 Medical Expense (Present)
Parker  $1,520.00 Leach  $700.00
 Loss of Wage, Wage-Earning Capacity
Parker  Missed 13 days of work at $4.23 an hour and does
 experience some physical limitations.
Leach  Missed 7 days of work at $3.35 per hour
 Sex
Parker  Female Leach  Female
 Age
Parker  27 with life expectancy of 48.6 years
Leach  35 with life expectancy of 42.1 years
 Health
Parker  Good Leach  Good

In Morton Broiler Farms, Inc. v. Morgan, 191 So.2d 137 (Miss. 1966), Mrs. Morgan's injuries consisted of a cut on the forehead, leaving a scar, traumatic bursitis, and loss of nerve in the frontal temporal area of the head, as a result of an automobile collision. The Court said, in affirming an award of twenty-four thousand dollars ($24,000):
Had we been on the jury, very likely none of us would have voted for so large a verdict. However, that fact cannot control us here. The amount of the verdict is within the province of the jury and we should not interfere therewith unless and until the amount thereof comes within the rules laid down heretofore for the entry of remittiturs.
While this verdict is liberal, we do not consider it as requiring a remittitur, and the case is affirmed.
191 So.2d at 139. See jury verdicts affirmed in Edwards v. Ellis, 478 So.2d 282 (Miss. 1985) ($80,000); Jesco, Inc. v. Shannon, 451 So.2d 694 (Miss. 1984) ($1,024,268); Bulk Transport, Inc. v. Smith, 274 So.2d 683 (Miss. 1973) ($40,000); New Orleans and Northeastern Railroad Co. v. Weary, 217 So.2d 274 (Miss. 1969) ($50,000).
We are of the opinion that there was no reversible error in the trial below and the judgments of the lower court are affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] See Rules 50 and 51, Miss.R.Civ.P.